UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10196-GAO

UNITED STATES OF AMERICA,

v.

MIKALAI MARDAKHAYEU,
Defendant.

ORDER
August 9, 2010

O'TOOLE, D.J.

The defendant, Mikalai Mardakhayeu, stands indicted on one count of conspiracy to commit wire fraud and to make fraudulent statements to the government in violation of 18 U.S.C. § 371 and nine counts of wire fraud in violation of 18 U.S.C. § 1343. Following his arrest, the government moved for his detention pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A), arguing that he posed a serious risk of flight. Magistrate Judge Boal held a detention hearing on June 25, 2010 and ordered the defendant detained pending trial. Mardakhayeu has moved for a review of that order, seeking to have it revoked.

Having reviewed the parties' memoranda and a transcript of the detention hearing, I am persuaded that the government has proven that Mardakhayeu poses not just a risk of flight, but a serious risk of flight and that no condition or combination of conditions will reasonably assure the appearance of Mardakhayeu as required. See 18 U.S.C. § 3142(e).

Mardakhayeu is charged with a crime of deceit, which carries a substantial term of imprisonment and potential deportation. See id. § 3142(g)(1) (instructing courts to consider "the nature and circumstances of the offense changed" when determining whether to order detention

pending trial detention); id. § 3142(g)(3)(A) (instructing courts to consider the accused's character). The government, in the indictment and at the detention hearing, demonstrated that its evidence against Mardakhayeu appears strong. See id. § 3142(g)(2) (instructing courts to consider "the weight of the evidence against the person").

Mardakhayeu also has the incentive and the means to flee to Belarus. He is not a U.S. citizen; and his immigration status has been called into question. He obtained permanent resident status in 2006 by applying for political asylum and claiming fear of persecution in Belarus, a fear since undermined by his trips to that country in July 2006, December 2006, and August 2009. Mardakhayeu also denied travelling to Belarus to U.S. immigration authorities and pre-trial services. See id. § 3142(g)(3)(A) (instructing courts to consider the accused's character and past conduct). Apart from his wife, who is also not a U.S. citizen, and his young son, Mardakhayeu has no family in the United States. His family resides in Belarus. See id. (instructing court to consider the accused's family ties). Although he owns a home on Nantucket, he owes more on the house than it is worth. He also owes more than $100,000 in credit card debt and has indicated that he plans to or has filed for bankruptcy. While Mardakhayeu has few financial resources in the United States, he has business and financial connections in Belarus, as his co-conspirators live there. See id. (instructing courts to consider the accused's financial resources). He also holds identification documents issued by Belarus.[1]

Mardakhayeu proposes that he be released on electronic monitoring and $20,000 cash bail. Electronic monitoring makes flight more difficult, but it does not in any reliably effective way prevent it. Monitoring will notify authorities if a he has fled, but it will not stop him from doing so. And it does not facilitate locating him after he has fled. Given the scale of

---

[1] The Court, akin to the magistrate judge, draws no adverse inference from the variations in the spelling of Mardakhayeu's name on his green card, driver's license, and passport.

Mardakhayeu's alleged fraud, diverting approximately $200,000 in stolen tax refunds into his bank account, it follows that substantial amounts of money are readily available to him which seriously diminishes the effectiveness of a cash bail of $20,000 as a deterrent to flight.

For these reasons, the Motion for Review of Detention Order (dkt. no. 9) is DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge