☗AO 245B(05-MA)   (Rev 06/05) Judgment in a Criminal Case
                  Sheet 1 - D Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

**MIKALAI MARDAKHAYEU**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 10 CR 10196 - 001 - GAO**

USM Number: 92808-038

**BEHZAD MIRHASHEM, ESQUIRE**
Defendant's Attorney

☑ Additional documents attached

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  **1-10**   ( Date of Plea: 1/19/11)
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC Sec. 371 | Conspiracy | 11/30/07 | 1 |
| 18 USC Sec. 1343 | Wire Fraud | 05/19/06 | 2 |
| 18 USC Sec. 1343 | Wire Fraud | 05/26/06 | 3-4 |
| 18 USC Sec. 1343 | Wire Fraud | 02/02/07 | 5 |
| 18 USC Sec. 1343 | Wire fraud | 02/09/07 | 6-7 |

The defendant is sentenced as provided in pages 2 through __18__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

06/22/11
Date of Imposition of Judgment

_/s/ George A. O'Toole_
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
Name and Title of Judge

June 22, 2011
Date

AO 245B(05-MA)   (Rev 06/05) Judgment in a Criminal Case
Sheet 1A - D Massachusetts - 10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: **1: 10 CR 10196 - 001 - GAO**

Judgment—Page 2 of 18

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC Sec. 1343 | Wire Fraud | 06/22/07 | 8 |
| 18 USC Sec. 1343 | Wire Fraud | 06/27/07 | 9 |
| 18 USC Sec. 1343 | Wire Fraud | 08/03/07 | 10 |

AO 245B(05-MA)     (Rev 06/05) Judgment in a Criminal Case
Sheet 2 - D Massachusetts - 10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: **1: 10 CR 10196 - 001 - GAO**

Judgment — Page **3** of **18**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **41**    month(s)

on each of counts 1-10, to run concurrently with each other.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the defendant participate in all available substance abuse treatment while in the custody of the Bureau of Prisons.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

     [ ] at _____ [ ] a.m. [ ] p.m. on _____.

     [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     [ ] before 2 p.m. on _____.

     [ ] as notified by the United States Marshal.

     [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev 06/05) Judgment in a Criminal Case
Sheet 3 - D Massachusetts - 10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: **1: 10 CR 10196 - 001 - GAO**

Judgment—Page **4** of **18**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **2** year(s)

on each of counts 1-10, to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: **1: 10 CR 10196 - 001 - GAO**

Judgment—Page 5 of 18

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is to pay the balance of any restitution imposed according to a schedule set down by probation, or, if necessary, by the court after a hearing.

Defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the financial Litigation Unit of the US Attorney's Office.

The defendant is to participate in a program for substance abuse counseling as directed by the United States Probation office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D Massachusetts - 10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: 1: 10 CR 10196 - 001 - GAO

Judgment — Page 6 of 18

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,000.00 | $ | $ 209,942.47 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached List | | | |

☐ See Continuation Page

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**RESTITUTION**

It is further ordered that the defendant shall make restitution to the following parties in the amounts indicated:

| Internal Revenue Service/States | Restitution Owed |
|---|---|
| IRS - RACS<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Ave.<br>Kansas City, MO 64108 | $192,787.84 |
| Arkansas Department of Finance and Administration<br>Secretary of State<br>1401 West Capitol, Suite 250<br>Little Rock, AK 72201 | $63.00 |
| Court-Ordered Debt Collections<br>Franchise Tax Board<br>PO BOX 1328<br>Rancho Cordova, CA 95741-1328 | $4,795.00 |
| State of Delaware Division of Revenue<br>P.O. Box 830<br>Wilmington, DE 19899 | $160.00 |
| Georgia Department of Revenue<br>Attn: Collections<br>1800 Century Blvd NE<br>Atlanta, GA 30345 | $287.00 |
| Idaho State Tax Commission<br>Attn: James Hammock<br>P.O. Box 36<br>Boise, ID 83722 | $287.00 |
| Kansas Department of Revenue<br>915 Southwest Harrison Street<br>Topeka, KS 66625 | $587.75 |
| Louisiana<br>Louisiana Department of Revenue<br>P.O. Box 2389<br>Baton Rouge, LA 70821 | $294.00 |
| Commonwealth of Massachusetts<br>Attn: Denise Costa<br>Massachusetts Department of Revenue<br>P.O. Box 9556<br>Boston, MA 02114 | $1,736.00 |
| Comptroller of Maryland<br>Revenue Administrative Division<br>110 Carroll Street<br>Annapolis, MD 21411 | $379.00 |

| | |
|---|---|
| North Carolina Department of Revenue<br>P.O. Box 25000<br>Raleigh, NC 27640-0640 | $1,405.00 |
| New Jersey Division of Taxation<br>Attn: Gary Dallett<br>Disclosure Office 10th Floor<br>50 Barrack Street<br>Trenton, NJ 08695 | $74.00 |
| New York State Department of Taxation and Finance<br>Bankruptcy Unit<br>Attn: Criminal Restitution<br>P.O. Box 5300<br>Albany, NY 12205 | $2,228.00 |
| Oklahoma Tax Commission<br>Legal Division<br>120 North Robinson, Suite 2000W<br>Oklahoma City, OK 73102 | $1,008.00 |
| Oregon Department of Revenue<br>P.O. Box 14725<br>Salem, OR 97309 | $287.88 |
| Pennsylvania Department of Revenue<br>Bureau of Criminal Tax Investigations<br>5th Floor Strawberry Square<br>Harrisburg, PA 17128 | $337.00 |
| South Carolina Department of Revenue<br>Attn: Debby Dixon<br>301 Gervais Street<br>P.O. Box 125<br>Columbia, SC 29214 | $2,560.00 |
| Virginia Department of Taxation<br>Attn: Dave Varcoe<br>9702 Gayton Road #155<br>Richmond, VA 23238 | $467.00 |
| Wisconsin Department of Revenue<br>Attn: Barbara Brant<br>P.O. Box 8933<br>MS-6-40<br>Madison, WI 53708 | $199.00 |
| **TOTAL** | **$209,942.47** |

AO 245B(05-MA) (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - D Massachusetts - 10/05

DEFENDANT: **MIKALAI MARDAKHAYEU**
CASE NUMBER: **1: 10 CR 10196 - 001 - GAO**

Judgment — Page 9 of 18

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Any payment made of restitution, that is not payment in full, shall be divided proportionately among the parties named. Restitution shall be paid by the defendant jointly and severally with any other person(s) convicted of the instant offense who is or may be ordered to pay restitution in this matter. The assessment fee shall paid forthwith.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
                 Sheet 5A - D. Massachusetts - 10/05

DEFENDANT:    **MIKALAI MARDAKHAYEU**                    Judgment—Page  10  of  18
CASE NUMBER:  **1: 10 CR 10196  - 001  - GAO**

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Payment of the restitution shall begin immediately and shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a court-ordered repayment schedule during the term of supervised release.

All restitution payments shall be made to the Clerk, US District Court for transfer to the victims identified in the chart above.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
                 Sheet 5A - D. Massachusetts - 10/05

Judgment—Page  10  of  18

AO 245B (Rev 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D Massachusetts - 10/05

DEFENDANT: MIKALAI MARDAKHAYEU
CASE NUMBER: 1: 10 CR 10196 - 001 - GAO
DISTRICT: MASSACHUSETTS

Judgment — Page 11 of 18

# STATEMENT OF REASONS

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☐ The court adopts the presentence investigation report without change.

B ☑ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☑ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics)
2B1.1(b)(1)(G) applies to loss $209,942.47

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations)

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions)

C ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence

B ☐ Mandatory minimum sentence imposed

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U S C § 3553(e))
☐ the statutory safety valve (18 U S C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 22
Criminal History Category: I
Imprisonment Range: 41 to 51 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 7,500 to $ 3,778,964
☑ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA) (Rev 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D Massachusetts - 10/05

DEFENDANT: MIKALAI MARDAKHAYEU
CASE NUMBER: 1: 10 CR 10196 - 001 - GAO
DISTRICT: MASSACHUSETTS

Judgment — Page 12 of 18

# STATEMENT OF REASONS

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☑ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3  **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1 3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2 11 | Lesser Harm |
| ☐ | 5H1 1 | Age | ☐ | 5K2 2 | Physical Injury | ☐ | 5K2 12 | Coercion and Duress |
| ☐ | 5H1 2 | Education and Vocational Skills | ☐ | 5K2 3 | Extreme Psychological Injury | ☐ | 5K2 13 | Diminished Capacity |
| ☐ | 5H1 3 | Mental and Emotional Condition | ☐ | 5K2 4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1 4 | Physical Condition | ☐ | 5K2 5 | Property Damage or Loss | ☐ | 5K2 16 | Voluntary Disclosure of Offense |
| ☐ | 5H1 5 | Employment Record | ☐ | 5K2 6 | Weapon or Dangerous Weapon | ☐ | 5K2 17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1 6 | Family Ties and Responsibilities | ☐ | 5K2 7 | Disruption of Government Function | ☐ | 5K2 18 | Violent Street Gang |
| ☐ | 5H1 11 | Military Record, Charitable Service, Good Works | ☐ | 5K2 8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2 9 | Criminal Purpose | ☐ | 5K2 21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2 0 | Aggravating or Mitigating Circumstances | ☐ | 5K2 10 | Victim's Conduct | ☐ | 5K2 22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2 23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g. 2B1 1 commentary) |

D  **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D Massachusetts 10/05

| | |
|---|---|
| DEFENDANT: **MIKALAI MARDAKHAYEU** | Judgment — Page 13 of 18 |
| CASE NUMBER: **1: 10 CR 10196 - 001 - GAO** | |
| DISTRICT: **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

**A** The sentence imposed is (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

**B** Sentence imposed pursuant to (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below )

**C** **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U S C § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U S C § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U S C § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U S C § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U S C § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U S C § 3553(a)(7))

**D** **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

AO 245B ( 05-MA) (Rev 06/05) Criminal Judgment
    Attachment (Page 4) — Statement of Reasons - D Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **MIKALAI MARDAKHAYEU** | Judgment — Page 14 of 18 |
| CASE NUMBER: **1: 10 CR 10196 - 001 - GAO** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☐ Restitution Not Applicable.

B   Total Amount of Restitution:   209,942.47

C   Restitution not ordered (Check only one.):

  1   ☐ For offenses for which restitution is otherwise mandatory under 18 U S C § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U S C § 3663A(c)(3)(A).

  2   ☐ For offenses for which restitution is otherwise mandatory under 18 U S.C § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U S.C § 3663A(c)(3)(B)

  3   ☐ For other offenses for which restitution is authorized under 18 U S C § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S C § 3663(a)(1)(B)(ii).

  4   ☐ Restitution is not ordered for other reasons (Explain )

D   ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 06/22/11 |
| Defendant's Date of Birth: 00-00-1979 | Signature of Judge |
| Defendant's Residence Address: Nantucket, MA 02554 | The Honorable George A. O'Toole Judge, U.S. District Court |
| Defendant's Mailing Address: Plymouth County Correctional Facility 26 Long Pond Road Plymouth, MA 02360 | Name and Title of Judge Date Signed June 22, 2011 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-10196-GAO |
| | ) |
| MIKALAI MARDAKHAYEU | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**O'TOOLE, D.J.**

WHEREAS, on June 23, 2010, a Grand Jury sitting in the District of Massachusetts returned a ten-count Indictment charging defendant Mikalai Mardakhayeu (the "Defendant") with Conspiracy, in violation of 18 U.S.C. § 371 (Count One), and Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2 (Counts Two through Ten);

WHEREAS, the Indictment sought the forfeiture, upon conviction of the offenses in violation of 18 U.S.C. §§ 371 and 1343 alleged in Counts One through Ten of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commissions of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Indictment further provided that if any of the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable property, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(p);

WHEREAS, on January 19, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One and Counts Two through Ten of the Indictment pursuant to a written Plea Agreement, which the Defendant signed on January 18, 2011;

WHEREAS, in Section 10 of the Plea Agreement, the Defendant agreed to forfeit to the United States the proceeds of the crimes to which he is pleading guilty, which will be the same amount the court determines to be the loss amount;

WHEREAS, the Defendant admitted that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds traceable to the commission of his violations of 18 U.S.C. §§ 371 and 1343, and the Defendant also acknowledged and agreed that the proceeds of his crimes cannot be located upon exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, the Defendant stated in the Plea Agreement that he understands the Court will enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include a money judgment equal to the value of the property derived from, or otherwise involved in, the offense;

WHEREAS, based on the Defendant's admissions in the written Plea Agreement, his guilty plea on January 19, 2011, and the Court's determination on June 22, 2011, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $209,942 in United States currency, pursuant 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $209,942 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 371 and 1343;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $209,942 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED:

1.  The Defendant shall forfeit to the United States the sum of $209,942 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.  The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things. All discovery of the Defendant shall be coordinated through defense counsel, and the Defendant shall retain the right to object to any discovery requests.

5.  Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this

Court against the Defendant.

_____
GEORGE A. O'TOOLE, JR.
United States District Judge

Dated: _____